**In re William D. McLEOD, Debtor.**

**Bankruptcy No. 94–41558.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Sept. 6, 1996.

Jeffery D. Wagnon, Plano, TX, for William D. McLeod.

Michael Gross, Trustee, Tyler, TX.

### OPINION

DONALD R. SHARP, Chief Judge.

COMES NOW before the Court for consideration the Motion by Debtor for Conversion to Chapter 7 and the Request for the Allowance of an Administrative Expense Pursuant to Section 503(b) filed by Volvo Car Finance, Inc. ("Volvo"). These matters were combined for hearing. This opinion consti-

tutes the Court's findings of fact and conclusions of law to the extent required by Fed. R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Nine (9) months prior to filing bankruptcy, Debtors purchased a new 1994 Volvo 854 GTAS, VIN YV1LS5526R2125532 (the "Motor Vehicle"). Volvo has a valid and perfected first lien on said vehicle.

Debtors filed a Chapter 13 bankruptcy on or about September 16, 1994. Debtors paid approximately nine (9) payments of $700.00 each to the Chapter 13 Trustee in accordance with Debtors' proposed Chapter 13 plan. The Chapter 13 Trustee currently holds approximately $6,300.00 for Debtors' account.

On August 17, 1995, Debtors filed their Motion for Conversion to Chapter 7. In response to that Motion Volvo filed its Request for the Allowance of an Administrative Expense Pursuant to Section 503(b).

Volvo holds a claim for $29,330.77. Volvo is undersecured. In September 1994, the retail value of the Motor Vehicle was $27,575.00. In August 1995, the retail value was $24,825.00.[1]

Volvo, consequently, requests an administrative expense in the amount of $2,750.00, representing the depreciation of the Motor Vehicle during the term of the plan. Alternatively, Volvo requests an administrative expense in the amount of $4,501.32, representing twelve (12) monthly payments under the Plan.

Volvo further requested that the Court delay conversion of the case until the Court ruled on Volvo's Request for Administrative Expense. The Court took the matters under advisement.

Volvo never filed a Motion for Adequate Protection or a Motion to Lift Stay. This Court never entered an Adequate Protection Order. On September 7, 1995, the parties

---

1. The Fifth Circuit has recently ruled that the proper valuation is the value the creditor could realize if it repossessed and sold the collateral pursuant to its security agreement ("wholesale value"), rather than replacement value. *In re Rash,* 90 F.3d 1036 (5th Cir.1996). However the Court was presented with no evidence of wholesale value in this case.

entered into Agreed Stipulations Regarding Termination of Automatic Stay. On October 3, 1995, this Court entered an Order Approving Bankruptcy Rule 4001(d) Stipulations and, thus, terminated the automatic stay.

On May 24, 1996, Debtors filed a Motion for Dismissal.

## LEGAL ISSUES

### I. Administrative Expense

Volvo asserts that it is entitled to an administrative expense for the depreciation of the Motor Vehicle during the pendency of the Chapter 13 Plan. Volvo argues two alternative bases for an administrative expense.

First it asserts section 507(b) provides Volvo with a superpriority administrative claim based on the failure of its adequate protection (plan payments).

Second, it asserts section 503(b) provides Volvo with an administrative claim for the actual, necessary costs and expenses of preserving the estate.

Volvo argues that the two code sections operate independently of one another, and each provides Volvo with an administrative claim. The Court after careful review of the statute and relevant case authority believes this argument to be clearly wrong. The two code sections are interactive, and, in fact, section 507(b) is clearly dependant on section 503(b).

Section 507(b) provides:

If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection. 11 U.S.C. § 507(b).

It is apparent from the language of section 507(b) that a creditor must satisfy several requirements in order to trigger the superpriority. First, adequate protection must have been provided previously, and the protection ultimately must prove to be inadequate. Second, the creditor must have a claim allowable under § 507(a)(1) (which in turn requires that the creditor have an administrative expense claim under § 503(b)). And third, the claim must have arisen from either the automatic stay under § 362; or the use, sale or lease of the collateral under § 363; or the granting of a lien under § 364(d). *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (4th Cir.1994). It is clear that Volvo has not met these requirements and, thus, is not entitled to a superpriority claim.

First, a superpriority claim pursuant to section 507(b) is predicated upon the express granting of adequate protection to the creditor. *In re James B. Downing & Co.*, 94 B.R. 515, 520 (Bkrtcy.N.D.Ill.1988). Volvo has neither moved for adequate protection payments, nor been granted adequate protection payments. The absence of any order granting Volvo adequate protection prevents it from being judged inadequate. *Id.*

Volvo argues that the plan payments to the Chapter 13 Trustee constitute adequate protection payments to Volvo. The Motion to Convert constitutes a failure of adequate protection, according to Volvo, because all plan payments will be returned to Debtors pursuant to § 1326 after the deduction of § 503(b) administrative expenses.

However, it appears from the majority of authorities that the granting of some form of adequate protection by court order is a prerequisite to a claim of priority under section 507(b). *Id.* Thus, the Court believes Volvo has failed to meet the first prerequisite for a priority claim under section 507(b) in this case.

Second, section 507(b) must be read in connection with section 507(a)(1) and section 503(b). *In re J.F.K. Acquisitions Group*, 166 B.R. 207, 211 (Bkrtcy.E.D.N.Y.). Reading these sections together, it is clear

that section 507(b) grants superpriority only "if" the claimant has an allowable section 503(b) administrative expense claim. *In re Ralar Distributors, Inc.,* 166 B.R. 3, 8 (Bkrtcy.D.Mass.1994); *aff'd* 182 B.R. 81 (D.Mass.1995); *aff'd* 69 F.3d 1200 (1st Cir. 1995).

Section 507(b) does not create a new, independent basis for an administrative expense. Instead, section 507(b) grants a superpriority to administrative expenses arising from a failure of adequate protection over other section 503(b) administrative expenses. However, to reach a section 507(b) superpriority, the claimant must still qualify for a section 503(b) administrative expense.

■ Neither the payments due Volvo nor the depreciation of the Motor Vehicle qualify as an administrative expense under section 503(b). That section, in relevant part, provides an administrative expense for:

> the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case. 11 U.S.C. § 503(b)(1)(A).

The purpose of section 503(b) is to provide a priority for claims arising when third parties are induced to supply goods or services to the debtor in possession. Without a provision like section 503, efforts to reorganize would be hampered. *In re Advisory Information and Management Systems,* 50 B.R. 627, 628–29 (Bkrtcy.M.D.Tenn.1985).

■ Section 503(b) is not intended to provide an administrative expense award to a prepetition secured lender based on debtor's postpetition possession and use of collateral. *Id.*

Likewise, the purpose behind section 507(b) of the Bankruptcy Code is "to encourage the provision of goods and services to the estate and to compensate those who expend new resources attempting to rehabilitate the estate" by affording first priority to administrative expenses. *J.F.K. Acquisitions Group,* 166 B.R. at 211.

Volvo has advanced no postpetition costs or expenses or new credit to preserve the estate; consequently, Volvo has no adminis-trative expense under either sections 503(b) or 507(b). See *James B. Downing,* 94 B.R. at 521. Section 503(b)(1)(A) cannot be invoked by Volvo in this case as an alternative route through which the unsecured portion of its claim can be elevated to superpriority status under section 507(b). *Id.*

In summary, Volvo has neither established a failure of adequate protection nor established an administrative expense under section 503(b). Consequently, Volvo cannot qualify for a section 507(b) superpriority.

## II.  *Conversion/Dismissal*

Volvo requested that the Court not convert the case to Chapter 7 until such time as the Court ruled on its Request for Allowance of an Administrative Expense. Subsection (a) of section 1307 gives the debtor an absolute right of conversion to a liquidation case at any time. H.R.Rep. No. 595, 95th Cong., 1st Sess. 428 (1977).

On May 24, 1996, Debtors filed a Motion for Dismissal. Subsection (b) of section 1307 requires the court, on request of the debtor, to dismiss the case of the case has not already been converted from Chapter 7 or 11. H.R.Rep. No. 595, 95th Cong., 1st Sess. 428 (1977). The Motion for Dismissal renders the Motion for Conversion moot. It is therefore

ORDERED that the Request for the Allowance of an Administrative Expense Pursuant to Section 503(b) is hereby DENIED. It is further

ORDERED that the Motion by Debtor for Conversion to Chapter 7 is hereby DISMISSED as moot.